# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RODRIGUEZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>POLICE DOG KUBO, et.al.,<br><br>                    Defendants. | )  1:11cv01371 LJO DLB<br>)<br>)<br>)  FINDINGS AND RECOMMENDATIONS<br>)  REGARDING DISMISSAL OF DEFENDANT<br>)  KUBO WITH PREJUDICE<br>)<br>)  (Doc. 1)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Robert Rodriguez ("Plaintiff") is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on August 17, 2011, and names Police Dog Kubo, a K-9, and Officer Tushnet, a K-9 handler employed by the Fresno Police Department. Plaintiff's complaint arises out of an incident on June 23, 2010.

### DISCUSSION

A.     Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

2  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3  B.      Failure to State a Claim

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9  complaint under this standard, the court must accept as true the allegations of the complaint in

10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 C.      Allegations

14        According to the complaint, on June 23, 2010, Plaintiff was sleeping face down in a

15 backyard.  A commotion woke him and he noticed a team of police officers and a K-9 unit.  The

16 officers began "screaming" and Plaintiff understood an order to roll onto his back and show his

17 hands.  When Plaintiff complied with the order, Defendant Tushnet reportedly allowed K-9 Kubo

18 to "bite, maul and assault" Plaintiff's ankle.  When Plaintiff screamed to call off the attack,

19 Defendant Tushnet pulled K-9 Kubo back momentarily, but allowed the K-9 to return for another

20 assault.  Plaintiff was unarmed.

21        As a result of his injuries, Plaintiff claims that he was hospitalized, he had to undergo

22 surgery due to an infection from the attack and his mobility was permanently impaired.  Plaintiff

23 seeks monetary damages totaling $1,000,000.00.

24 D.      Analysis

25        1.      Excessive Force

26        The Court construes Plaintiff's complaint as alleging a claim under 42 U.S.C. § 1983 for

27 excessive force in violation of the Fourth Amendment when Defendant Tushnet allegedly used

28

1   his police dog, K-9 Kubo, on Plaintiff.  Plaintiff's complaint appears to state a cause of action

2   pursuant to 42 U.S.C. § 1983 as to Defendant Tushnet.

3           2.       K-9 Kubo

4         A police dog is not a "person" subject to liability under § 1983.  Dye v. Wargo, 253 F.3d

5   296, 300 (7th Cir. 2001).  Accordingly, Plaintiff's complaint fails to state a claim against K-9

6   Kubo.  As it is clear that this deficiency cannot be cured by amendment, the claim against K-9

7   Kubo should be dismissed with prejudice.

8                               **RECOMMENDATION**

9         Based on the foregoing, the Court RECOMMENDS that Defendant Kubo be

10   DISMISSED WITH PREJUDICE.  After Defendant Kubo is dismissed from this action, the

11   Court will issue an order and forward Plaintiff a summons and USM-285 form for completion

12   and return.  Upon receipt of the form, the Court will direct the United States Marshal to initiate

13   service of process on Defendant Tushnet.

14         These findings and recommendations will be submitted to the Honorable Lawrence J.

15   O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

16   after being served with these findings and recommendations, Plaintiff may file written objections

17   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

18   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

19   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

20   (9th Cir. 1991).

21

22         IT IS SO ORDERED.

23     **Dated:**     **August 23, 2011**               **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28